UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY PETERS, | No. CV 05-6848 FFM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on October 13, 2005, the parties filed a Joint Stipulation detailing each party's arguments and authorities on September 19, 2006. The Court has reviewed the administrative record ("AR"), filed by defendant on June 19, 2006, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

///

///

///

///

## PROCEDURAL HISTORY

On January 29, 2002, plaintiff filed an application for Disability Insurance Benefits. He alleged a disability onset of August 2, 2001. Plaintiff's claim was denied initially and upon reconsideration. A request for a hearing before an administrative law judge ("ALJ") was timely filed. ALJ Lawrence D. Wheeler held a hearing on May 27, 2003. Plaintiff appeared with counsel and testified at the hearing. On October 10, 2003, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on July 15, 2005.

Plaintiff commenced the instant action on September 29, 2005.

## CONTENTIONS

Plaintiff raises four issues in this action:

1. Whether the ALJ properly considered the treating physicians' opinions;
2. Whether the ALJ properly considered plaintiff's subjective allegations;
3. Whether the ALJ properly considered plaintiff's combined impairments and their impact on plaintiff's ability to perform work activities; and
4. Whether the ALJ properly considered plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402

U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

A. <u>Treating Physicians' Opinions</u>

In evaluating medical opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the question of disability. *Magallanes*, 881 F.2d at 751 (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989)). Where the treating physician's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. Where the treating physician's opinion is contradicted, the ALJ may reject it in favor of a conflicting opinion of an examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Ramirez v. Shalala*, 8 F.3d 1449, 1453-54 (9th Cir. 1993).

///

1     Treating physicians Jaivin, Popel, and Yusuf all opined that plaintiff was
2 restricted to standing and/or walking 2 hours or less out of an 8 hour work day. (AR
3 206-07, AR 240-42, AR131-32, AR 268-71). Doctors Popel and Yusuf also opined
4 that plaintiff would need to change position at will from sitting to standing from every
5 10 to 15 minutes (Dr. Yusuf) to every 20 to 40 minutes (Dr. Popel). (AR132, AR
6 241). Dr. Yusuf also stated that plaintiff reports having to be near a bathroom at all
7 times as a result of frequent urges to have bowel movements and rectal pain and
8 bleeding. (AR 271). The state agency doctor also stated that plaintiff "may need
9 change of frequent positions as well as access to bathroom for frequent use." (AR
10 255).
11     The ALJ rejected the treating physicians' opinions as to plaintiff's
12 standing/walking limitation because Dr. Popel suggested that surgery could cure
13 plaintiff's ankle problems and that "it would only take approximately three months for
14 the claimant to recover from surgery." (AR 18). The ALJ concluded "[i]nasmuch as
15 the report from Dr. Popel suggests that claimant's bilateral ankle impairments would
16 be remediable with surgical intervention within a period of approximately 3 to 6
17 months, the Administrative Law Judge finds that the claimant retains, or could
18 reasonably be expected to retain, the residual functional capacity for standing/walking
19 up to 6 hours in an 8-hour workday with appropriate treatment." (*Id*).
20     This rational is unduly speculative. The ALJ may not reject functional capacity
21 restrictions based on a possible outcome of surgery that is neither scheduled nor
22 contemplated. The record is devoid of any details regarding the surgery, such as risks
23 etc. There is no way to tell from the record why plaintiff has not undergone such
24 surgery or what, if any, reasons plaintiff may have to reasonably refuse such surgery.
25 Hence, the ALJ failed to set forth specific, legitimate reasons for rejecting the
26 standing/walking limitations found by plaintiff's treating physicians.
27 ///
28 ///

4

In addition, the ALJ rejected the requirement that plaintiff be near a bathroom at all times, in rejecting this restriction, the ALJ explained:

> "Dr. Yusuf has not provided the results of any significant diagnostic testing postoperatively.  Dr. Yusuf reports having treated the claimant for a period of approximately 2 years or since August 2001; yet, the records in the file from him during that time frame consist of no more than 11 pages and do not provide any documentation of persistent subjective complaints, the results of clinical examinations, and/or claimant's response to treatment *over a longitudinal period of time*.  Inasmuch as Dr. Yusuf's opinion is conclusory/unexplained by substantial evidence and inconsistent with the minimal degree of treatment documented postoperatively for gastrointestinal/hemorrhoid symptoms, it is not entitled to much weight."

(AR 17 (emphasis in original)).

Although the medical records indicate a history of focal diverticulitis and extensive hemorrhoids, no physician addressed whether there exists a medical basis for plaintiff's frequent need to use a bathroom, rectal pain, rectal bleeding and frequent soiling of pants.  In any event, the ALJ's conclusion that Dr. Yusuf's records do not provide any documentation of persistent subjective complaints is contradicted by the record.  Dr. Yusuf noted plaintiff's complaints of rectal pain, rectal bleeding, frequent need to use the bathroom, and soiling of pants in a pre-surgery report dated September 13, 2001 (AR 106), in a report of a consultation dated March 27, 2002 (AR 133), and in post surgery reports dated September 13, 2002 (AR 130, 132) and May 23, 2003 (AR 271).

Therefore, the matter must be remanded for further consideration of the physicians' opinions.  Moreover, upon remand, the ALJ should consider whether further development of the record is necessary to determine whether there is an

///

1 objective medical explanation for plaintiff's assertions of rectal pain, rectal bleeding,
2 frequent need to use the bathroom and soiling of pants.
3  Given the necessity of remand, the Court need not address the remaining issues
4 urged by plaintiff at this time.
5  For the foregoing reasons, the judgement of the Commissioner is reversed and
6 the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further
7 proceedings.
8  IT IS SO ORDERED.

10 DATED:  July 23, 2008                              /S/ FREDERICK F. MUMM
                                                     FREDERICK F. MUMM
11                                                   United States Magistrate Judge